Jones, J.,
delivered the opinion of the Court.
This was an action of covenant, brought by the plaintiff below, and also plaintiff in error, against the defendant, for the non-payment of rent of a house and lot in St. Louis, reserved by indenture of lease, dated 12th May, 1819. Breach, non-payment of $400, one year’s rent, due on 20th May, 1821. Plea, that after malting of said lease, and before one year’s rent had accrued, to wit, on 2d October, 1819, a certain writ of execution was issued from the Clerk’s office of the Supreme Court at St. Louis, in favor of one James Morrison against the said William. That by virtue of the said execution, the Sheriff of the county did, on the 12th November, 1819, advertise for sale, and on the 10th December next following, did sell all the right, &c., of said William in and to the demised premises, which were purchased by one William Stokes, to whom the said Sheriff, on 4th May, 1820, did execute a deed of conveyance thereof. That the defendant afterwards paid to the said Stokes $400, the first year’s rent, and delivered up and surrendered the balance of the term. To this plea there was a general demurrer and joinder. The Circuit Court overruled the demurrer, and gave judgment for (he defendant; to reverse which the plaintiff brought his writ of error.
The first error assigned is, that the Circuit Court decided it was not necessary for a p arty, claiming under a sale of the Sheriff, by execution, to produce or show any judgment authorizing the execution.
Several other errors were assigned, which need not he mentioned, as the preliminary question made was as to the sufficiency or insufficiency of the defendant’s plea in bar.
The plaintiff’s counsel argued that the defendant’s plea was insufficient, for not alledging and showing the judgment on which the execution was said to have issued; and in support of their position have cited 2 East. 575, 1 Chitty, 162.
The counsel for the defendant contended, that certainty to a common intent only was necessary in pleadings, and that this plea was sufficiently certain so as to inform the plaintiff of the nature and extent of his, the defendant’s, title; for which he cited 1 Chitty, 168; 9 Term Rep. 291. And he further contended for the validity of the plea, on the ground that in actions against Sheriffs, they may justify under an execution issued from a Court of Record, without showing the judgment; 2 Chitty’s Pleading, 355; 1 Espinasse, N. P. 412.
It is true, that Sheriffs may justify by pleading the execution, without showing the judgment; hut this is only allowed to the officer, and not to the party, or a mere stranger, who cannot do so unless they show a judgment as well as an execution; 1 Esp. N. P., 411. Comyns, in his Digest, vol. 5, page 402, Title Pleader, E. 18, lays *177 it down that a party, in pleading an execution by a Court at Westminster, ought to alledge an ejectment, &c., upon which taliter processum suit, that the plaintiff had judgment, and thereupon sued out execution; and it is not sufficient to alledge an execution without showing the judgment; and ho cites 1 Lev. 83, as his authority.
We regret that the several other points which presented themselves in the case, cannot, on the state of the pleadings, be either discussed or determined, as we are of opinion the defendants plea in bar is insufficient.
The judgment of the Circuit Court, sustaining the plea and overruling the demurrer, is hereby reverse, and the plaintiff’s demurrer sustained.
Let the cause be remanded to the Circuit Court, with instructions to give the defendant leave, should he ask it, to amend his plea. And let the defendant pay the costs, as well in this Court as in. the Court below, subsequent to the declaration. And if the defendant should not ask leave to amend his plea, the Circuit Court will enter judgment according to law for the plaintiff.